UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUAMAINE DAWSON ROBINSON,

                        Plaintiff,

        -against-

CITY OF YONKERS POLICE
DEPARTMENT; MICHAEL COX; IAN
GALLAGHER; THOMAS DYLAN; JOHN
WILT; LAMONT BROWN; JESSICA DAY;
CHRISTOPHER COONEY; EDWARD
BYRNE, JR.; ADAM SOUSA; BRENDAN
S. MULROY; NEWS 12 STAFF,

                        Defendants.

22-CV-3333 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently incarcerated at the Westchester County Jail, brings this *pro se*

action under 42 U.S.C. § 1983, asserting claims arising out of his May 7, 2021 arrest. By order

dated April 25, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is,

without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to

file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's claims arose in Yonkers, New York, on May 7, 2021. (ECF 2 at 7.) He alleges the following in his complaint:

> Yonkers Police Department Officers name Jessica Day, Lamont Brown, Cooney
> Christopher, Edward Jr Byrne, Dylan Thomas, John Wilt, Adam Sousa, and
> Brendan Mulroy made a false claim that they was exposed to fentanyl, and they
> also claimed they had to be hospitalized. Thats the reason why I'm trying to sue
> Yonkers Police Department for false claim that oder of fentanyl or had any
> parapharnalia found on my person.

(*Id.*)[2]

Plaintiff further alleges that "police officers Cox and Gallagher who has try to detain me

which they used excessive assault and battery on me." (*Id.*)

Plaintiff also names unidentified staff from Channel 12 News as defendants in this action.

He states:

> The reason why im trying to sue Channel 12 news the Bronx staff because of
> defamation of character for making flase report article in the newspaper claiming
> that several Yonkers officers recovering after possible drug exposure.

(*Id.*)

Plaintiff seeks "1 million in damages against the City of Yonkers Police Department and

another 1 million in damages against the news 12 the Bronx staff." (*Id.* at 8.)

## DISCUSSION

A.    **Exposure to Fentanyl**

Plaintiff seems to allege that police officers falsely accused him of having exposed them

to the synthetic opioid Fentanyl, and he contends that this violated his constitutional rights. The

allegations might be liberally construed as a Section 1983 claim under the "stigma-plus"

doctrine. Where a plaintiff sues "to enforce procedural due process rights, a court must determine

(1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due

before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir.

---

[2] All spelling and punctuation in the quoted material is from the original.

2011). "[T]he 'liberty' interest protected by the due process clause includes in certain circumstances the right to contest at a hearing public, stigmatizing governmental accusations that impose a substantial disability." *O'Neill v. City of Auburn*, 23 F.3d 685, 691 (2d Cir. 1994) (relying on *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971)).

To establish a liberty interest under the stigma-plus doctrine, "a plaintiff must show (1) 'the utterance of a statement sufficiently derogatory to injure . . . [plaintiff's] reputation, that is capable of being proved false, and that . . . [plaintiff] claims is false,' and (2) 'a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights.'" *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010) (citing *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (Sotomayor, J.)). "[T]he 'plus' imposed by the defendant must be a specific and adverse action clearly restricting the plaintiff's liberty — for example, the loss of employment, . . . or the 'termination or alteration of some other legal right or status.'" *Velez v. Levy*, 401 F.3d 75, 87-88 (2d Cir. 2005) (citing *Neu v. Corcoran*, 869 F.2d 662, 667 (2d Cir. 1989) (internal citations omitted)).

Here, Plaintiff alleges that officers "made a false claim that they was exposed to fentanyl." (ECF 2 at 7.) Plaintiff does not plead facts, however, explicitly linking the officers' claimed exposure to fentanyl to him. Even if he had, Plaintiff's complaint would still be insufficient to state a viable due process claim because he does not plead any facts showing that such derogatory statements resulted in a "state-imposed alteration of the plaintiff's status or rights." *Vega*, 596 F.3d at 81. Plaintiff's allegations that police officers made false statements about contamination with fentanyl thus fail to state a claim under Section 1983 on which relief can be granted. The Court grants Plaintiff leave to replead these claims and, if he chooses to do so, directs him to plead additional facts as outlined in the standards set forth above.

B.      **Excessive Force Claims**

"Police officers' application of force is excessive, in violation of the Fourth Amendment, if it is 'objectively unreasonable in light of the facts and circumstances confronting them, without regard to the officers' underlying intent or motivation.'" *Carpenter v. City of New York*, 984 F. Supp. 2d 255, 267 (S.D.N.Y. 2013) (quoting *Papineau v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006)). Whether the force used was unreasonable and therefore excessive is a fact-specific inquiry. *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 123 (2d Cir. 2004).

In determining whether the force used in a given arrest is reasonable, courts pay careful attention to the facts and circumstances of each case, including (1) the severity of the crime at issue, (2) whether the arrestee poses an immediate threat to the safety of the officers or others, and (3) whether the arrestee is actively resisting arrest or attempting to flee. *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citing *Tennessee v. Garner*, 471 U.S. 1, 8–9 (1985)).

Here, Plaintiff alleges that "police officers Cox and Gallagher who has try to detain me which they used excessive assault and battery on me." (ECF 7 at 2.) Plaintiff's allegation that Defendants engaged in "assault and battery" is a legal conclusion; without more, this is insufficient to state an excessive force claim because Plaintiff fails to plead any facts about what happened.[3] The Court therefore grants Plaintiff leave to replead this claim in an amended complaint. In the amended complaint, Plaintiff must plead facts about what occurred; for example, whether officers handcuffed him too tightly, hit or kicked him, or engaged in some other improperly harmful conduct.

---

[3] According to public records, on May 7, 2021, the date on which Plaintiff's claims arose, Plaintiff was arrested, and he was then charged in the Westchester County Court, Criminal Term, with weapons-related charges. *See People v. Robinson*, SCI-70002-22. On March 9, 2022, he pled guilty to attempted criminal possession of a weapon (loaded firearm) in the second degree, and he was sentenced on April 27, 2022.

C.      **Defamation**

Plaintiff asserts a state law claim for defamation, of which the Court may be able to exercise supplemental jurisdiction, against unspecified staff from Channel 12 News. New York law defines defamation as "the making of a false statement of fact which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace." *Chapadeau v. Utica Observer-Dispatch,* 38 N.Y.2d 196, 199 (1975). A plaintiff suing a media organization for defamation for publishing an article on matters of legitimate public concern faces a higher burden. *See Huggins v. Moore,* 94 N.Y.2d 296, 301 (N.Y. 1999) (noting that defamation cases against the media trigger a heightened level of scrutiny); *Pollnow v. Poughkeepsie Newspapers, Inc.*, 107 A.D.2d 10, 15-16 (2d Dep't 1985) (holding that a private person's alleged criminal conduct and the operation of the criminal justice system with respect to the disposition of the charges against such an individual are matters of legitimate public concern), *aff'd*, 67 N.Y.2d 778 (N.Y. 1986).

Plaintiff alleges that Channel 12 News staff are liable for a "f[al]se report article in the newspaper claiming that several Yonkers officers recovering after possible drug exposure." (ECF 2 at 7.) The complaint does not include any facts stating that Defendants published anything about Plaintiff. Plaintiff does not say that he was named in the news article or identify any statement about him in the article that was false. Plaintiff thus fails to state a claim on which relief can be granted for defamation.  Plaintiff will be given an opportunity to amend his complaint to allege facts that may support a viable defamation claim.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid federal claim and a state law claim for defamation, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.[4]

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[4] For Plaintiff's benefit, the Court notes that, if the Court dismisses all of the federal claims of which it has original jurisdiction, the Court generally will decline to exercise supplemental jurisdiction of state law claims and will dismiss them without prejudice to Plaintiff's pursuing them in state court.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-3333 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 16, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name              Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                         State                   Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 2:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 3:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 4:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____